The opinion of the Court was delivered by
Sewall, J.
The defendant is charged in this case for the amount due upon a note, drawn payable to him or his order, made and signed by Ebenezer Storer, and endorsed * by the defendant. This note is said to have been ne- [ * 86 ] gotiated by a Mr. Greely; but whether he received it of the defendant, or of the maker, Mr. Storer, is not stated. The probability is, from the whole of the case, that the defendant *98 endorsed as a surety, for the accommodation of Storer; and there is certainly nothing in the case which should induce us to charge the defendant, beyond that conditional liability which every endorser of a negotiable note assumes. This depends upon the diligence of the holder of the note, when it becomes due, to obtain payment of the maker ,• and if payment is not' obtained, and the holder is not disposed to give credit to the maker, then upon the care of the holder to give seasonable notice to the endorser that the note is due and unpaid, and that payment is demanded of him. And the endorser is discharged from all liability, when the holder of the note has neglected to make a suitable demand on the maker, or to notify the endorser seasonably, when the note remains upon his credit. (1)
The demand of the maker by the cashier of the Portland Bank, in the case at bar, answers one of the requisites, to enable the plaintiff to recover against the endorser; but the subsequent delay of a week, before the defendant was notified that the maker of the note had neglected to take it up, is hardly to be accounted for, without supposing a confidence in the maker, and a credit to him, which are entirely inconsistent with any further liability of the endorser. The maker was at the time in good credit, and so continued, for aught that appears in the case, for more than a month afterwards; and, as late as the 1st of August, made a partial payment upon the note.
It is not, however, necessary for the endorser to prove, in order to discharge himself, that a credit injurious to him had been given to the maker. The endorser is entitled to seasonable notice; and what is seasonable notice is a question of law, to be decided by the Court, as soon as the facts necessary to the decision are ascertained. (a) The parties concerned in the case at bar, . [ * 87 ] that *is, the holder of the note, the bank where it-was deposited for collection, the maker, and the endorser, were *99 all in one neighborhood, or, at least, so near to each other as that the means of communication between them were constant and uninterrupted through the day and every day. The circumstance of no mail establishment between Portland and Cape Elisabeth shows that the holder of the note, or those who were employed by him to collect it, depended on their own care and exertions; and a delay of a week is in every view unreasonable. The defendant is therefore not liable, unless he has explicitly, and with a full knowledge of all the circumstances, waived this advantage, and admitted himself to be liable, notwithstanding the neglect of the holder of the note on his part.
The anxiety expressed by the defendant, in his inquiries and solicitations with Mr. Greely, are not of this character, and have no tendency to prove an intention, on the part of the defendant, to make himself chargeable. This conduct was probably induced by an apprehension that he was, or might be made, liable upon his endorsement, if the note should not be paid. But it would be unjust to carry it farther, and especially to infer, from a prudent and decent anxiety, natural in his situation, a waiver of his rights, and a consent to become liable at all events.
The question of a mistake, whether in the facts or of the law, suggested in the argument, does not arise in the case at bar. The defendant neither said nor did any thing which authorized an exclusive reliance upon him. What passed between the plaintiff and Greely is not evidence to charge the defendant. But if he had even requested Greely to collect the note from Storer, if he could, this is by no means an admissk a, on the part of the defendant, that he was to be considered liablt upon the note, if it should not be collected; nor did such a request, or Greely’s proceedings under it, prejudice, in any degree, the right or remedy of the holder of the note. (2) If he relied upon the defendant, and for that reason neglected any practical means he had of collecting * the note from Storer, the holder of the note mistook [ * 88 ] his own rights in point, of law. But he cannot be said to have relied upon any promise of the defendant, which authorized the neglect.
The defendant is not, in our opinion, liable upon his endorsement of the note in question, upon the facts stated respecting it; and the plaintiff, according to the agreement of the parties, is to be called.

Plaintiff nonsuit, 

(a)

*100 ADDITIONAL NOTE.
[See, as to demand and notice, Boston, &c., vs. Hodges, 9 Pick. 420. — Church vs. Barlaw, 9 Pick. 547. — Bachellor vs. Priest, 12 Pick. 399.— Granite, &c., vs. Ayers 16 Pick. 392. — Folger vs. Chase, 18 Pick. 63. — Scaver vs. Lincoln, 21 Pick. 267. — Grand, &c., vs. Blanchard, 23 Pick. 305. — Ranger vs. Cary, 1 Metc. 369. — Gilbert vs. Dennis, 3 Metc. 495.— Bank, &c., vs. Triplett, 1 Pet. 30.— Williams vs. Bank, &c., 2 Pet. 100. — Picquet vs. Curtis, 1 Sumn. 478.— Gallagher vs. Roberts, 2 Fairf. 489. — Seymour vs. Van Slyck, 8 Wend. 403.— Rahm vs. The Philadelphia, &c., 1 Rowle, 335.—Agnew vs. The Bank, &c., 2 Harr. & G. 478. — Moor vs. Coffield, 3 Dev. 247. — Johnston vs. M'Guin, 4 Dev. 277.— Brock vs. Thompson, 1 Bai. 322 — M'Lain vs. Waters, 9 Dana, 56. — Nashville, &c., vs. Bennett, 1 Yerg. 166.— Gist vs. Lybrand, 3 Ohio, 319. — Foard vs. Johnson, 2 Alab. 565. — F. H.]

 Kyd. 117. —1 Wils. Rep. 46, Hull vs. Pitfield.

 [In Field vs. Nickerson, (13 Mass. Rep. 137,) reasonable time for making a demand on the maker, and giving notice to the endorser, was treated as a mixed question of law and fact, “ to be determined by the jury, under the direction of the court.” But in Whitwell vs. Johnson, (17 Mass. Rep. 453,) reasonable notice is again declared to be merely a question of law. — And see Ellis vs. Paige, 1 Pick. 43. — Eagle Bank vs. Chapin, 3 Pick. 380. — See the American cases collected in a note to Starkie, part 4, p. 2o5. — Chitty, 6th ed. 363, 269, 270. — Bayley, 4th ed. p. 342. — Starkie, in treating of questions of law and fact, says, “ General questions of reasonable time, probable cause, due diligence, and the like, are never, in the abstract, necessarily either mere questions of law or questions of fact. Whether, in a particular instance, the question be of the one class, or the other, depends simply on the existence and applicability of a rule of law to the special circumstances, or res gestee: if any such rule be applicable, the question is a mere question of law; if no such rule apply, the inference is one of mere fact for the jury.” — Starkie's Ev. part 3, p. 420. — Ed.]

 Chitty, 171,174. —1 D. E. 174.

 [If Greely was to be considered as the agent of the defendant, as the report states, it would seem that the conduct of the defendant, in dealing with the note to the prejudice of the holder, after knowledge of all the facts, was sufficient to have *100 precluded him from settingup want of notice as a defence.— Whittaker vs. Morris Chitty, 6th ed. 233, n. — Cooper vs. Wall, Chitty, 237, note (n).— Lindie vs. Robin* son, 7 East. 233. — Hopes vs. Alder, 6 East, 16. — Rogers vs. Stephens, 2 D. & E. 713 — Anson vs. Bailey, Bul. N. P. 276. — Guason & Al. vs. Metz, 1 Barn, Cress. 193, and see the cases cited in Thomson on Bills, pp. 657—670. — Saund. Plead. Ev., vol i. p. 296.— Chitty, 4th ed. 233—236. — Bayley, 4th ed. Am. 187—190. — Ed.]